UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

CAREER AGENTS NETWORK, INC., a
Michigan corporation,

        Plaintiff,

    v.

careeragentsnetwork.biz and
careeragentnetwork.biz,

        Defendants.

CASE NO.

**COMPLAINT FOR INJUNCTIVE
RELIEF**

_____/

Jaffe, Raitt, Heuer, and Weiss, P.C.
Attorneys for Plaintiff
Joan H. Lowenstein (P39422)
Michael S. Khoury (P34413)
201 S. Main St., Suite 300
Ann Arbor, MI 48104
(734) 222-4776
jlowenstein@jaffelaw.com
mkhoury@jaffelaw.com
_____/

      For its complaint, Plaintiff Career Agents Network, Inc. ("CAN") alleges as follows:

### NATURE OF THE CASE

      This is an in rem action against the <careeragentsnetwork.biz> and <careeragentnetwork.biz> domain names (the "Defendant Domain Names") based on the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). Plaintiff seeks preliminary and permanent injunctive relief and the transfer of the registration of the Defendant Domain Names.

### JURISDICTION AND VENUE

      1.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

      2.     This Court has in rem jurisdiction over the Defendant Domain Names

pursuant to 15 U.S.C. § 1125(d) and 28 U.S.C. § 1655 and interpretive case law. Upon

information and belief, the Court cannot exercise personal jurisdiction over the registrant

of the Defendant Domain Names, as the registrant is located outside of the State of

Michigan and/or the registrant's website is not interactive. As a separate and independent

basis for in rem jurisdiction, upon service of this Complaint upon the registrar of the

Defendant Domain Names, the registrar will deposit the Defendant Domain Names into

the registry of the Court. In addition, the situs of the Defendant Domain Names is, or will

be, in this judicial district where the owner of the trademark contained in the Defendant

Domain Names is located.

3.       Venue is proper in the United States District Court for the Eastern District

of Michigan under 28 U.S.C. §§ 1391(b) and 1391(c).

**PARTIES**

4.       Plaintiff CAN is a Michigan corporation with its principal place of

business in Wixom, Michigan.

5.       Upon information and belief, Defendant Domain Names

<careeragentsnetwork.biz> and <careeragentnetwork.biz> are Internet domain names

registered through PrivacyProtect.org, a private registration service, doing business in the

Eastern District of Michigan.  PrivacyProtect.org gives its address as a post office box in

The Netherlands, but states on its website that it does not accept postal mail.

**ALLEGATIONS COMMON TO ALL COMPLAINTS**

6.       Career Agents Network is an international consortium of recruiting

companies and represents candidates for high-level jobs in a number of industries.

7.       On February 9, 2009, CAN applied for registration of its trademark,

CAREER AGENTS NETWORK ("CAN Mark") with the United States Patent and

Trademark Office.  An image from the USPTO TARR server, showing the application, is

attached as **Exhibit A**.

8.       Through the extensive use and advertising of the CAN Mark, considerable

2

marketing and advertising of the CAN Mark, and multiple channels of trade in which the CAN Mark is and will continue to be utilized, the CAN Mark has had a significant impact upon a substantial part of those seeking employment services such that consumers seeking those services have come to recognize the CAN Mark as a symbol that identifies and distinguishes the services associated with CAN.

9.      CAN has acquired substantial goodwill associated with the CAN Mark and the CAN Mark has become associated in the marketplace with CAN.

10.      Through the extensive use of the CAN Mark, considerable marketing and advertising of the CAN Mark, and multiple channels of trade in which the CAN Mark is and will continue to be utilized, the public has come to recognize and associate the name "CAREER AGENTS NETWORK" as a symbol that identifies and distinguishes the professional recruiting and employment services provided exclusively by CAN. Through long and continuous use, international recognition and extensive advertising and promotion, the CAN Mark has acquired distinctiveness and secondary meaning as a trademark and service mark.

11.      On January 21, 2009, an unknown person, through PrivacyProtect.org, registered the <careeragentsnetwork.biz> and <careeragentnetwork.biz> domain names with DirectI Internet Solutions Pvt. Ltd., d/b/a PublicDomainRegistry.Com, a registrar of domain names. This domain names contains the CAN Name and Mark.

12.      By registering and using the Defendant Domain Names containing Plaintiffs trademark, the registrant of the Defendant Domain Names was and is attempting to trade on the goodwill of Plaintiff.

13.      Upon information and belief, the Defendant Domain Names were registered with the bad faith intent to profit from Plaintiff's mark.

14.      The Defendant Domain Names were registered without the consent of Plaintiff.

15.      Upon information and belief, the registrant of the Defendant Domain

3

Names has no trademark or other intellectual property rights in the Defendant Domain Names.

16.     Upon information and belief, the registrant of the Defendant Domain Names has no prior use of the Defendant Domain Names in connection with the bona fide offering of any goods or services.

17.     Upon information and belief, the registrant of the Defendant Domain Names made no bona fide non-commercial or fair use of the Defendant Domain Names in a site accessible under the domain names.

18.     Upon information and belief, the registrant of the Defendant Domain Names did not believe or have reasonable grounds to believe that the use of the Defendant Domain Names was a fair use or otherwise lawful.

### COUNT I
(Cybersquatting)
Under the Lanham Act, 15 U.S.C. § 1125(d)

19.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

20.     The registrant of the Defendant Domain Names has registered, trafficked in, and/or used domain names that are identical or confusingly similar to the CAN Name and Mark.

21.     Upon information and belief, the registrant of the Defendant Domain Names has or had had a bad faith intent to profit from the CAN Name and Mark.

22.     As a direct and proximate result of such conduct, Plaintiff has suffered and will continue to suffer, monetary loss and irreparable injury to its business, reputation and goodwill.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A.     A preliminary and permanent injunction requiring the domain name registrar to transfer the registration of the Defendant Domain Names to Plaintiff; and

B.     All other relief to which Plaintiff is entitled.


DATED:  June 12, 2009.

JAFFE, RAITT, HEUER, & WEISS, P.C.


By: /s/ Joan H. Lowenstein
          Joan H. Lowenstein (P39422)
          Michael S. Khoury (P34413)
          201 S. Main St., Suite 300
          Ann Arbor, MI 48104
          (734) 222-4776
          jlowenstein@jaffelaw.com

          Attorneys for
          CAREER AGENTS NETWORK, INC.