UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAREER AGENTS NETWORK, INC.,

    Plaintiff,

v.                                                                               Case No. 09-CV-12269

CAREERAGENTSNETWORK.BIZ and
CAREERAGENTNETWORK.BIZ,

    Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND SETTING PRELIMINARY INJUNCTION HEARING**

The court has reviewed Plaintiff Career Agents Network, Inc.'s motion for a temporary restraining order and preliminary injunction. Upon review of the motion, the court is persuaded that Plaintiff has met the high standard for obtaining a temporary restraining order. The court will therefore grant a temporary restraining order and set a hearing for the request for a preliminary injunction.

The purpose of an injunction is not to remedy past wrongs, but rather to prevent the occurrence of threatened future wrongs. *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) (citing *Swift & Co. v. United States*, 276 U.S. 311, 326 (1928)). When a past wrong has already occurred, a court must determine that some "cognizable danger of recurrent violation" exists. *Id.*

When evaluating a motion for a temporary restraining order ("TRO"), a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65.

*Leslie v. Penn C. R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969) (quoting *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)).  Rule 65 states in relevant part that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).  When evaluating whether to grant a TRO, the court must consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]."  *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citations omitted).  These factors are "interrelated considerations that must be balanced together," not independent prerequisites.  *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).  "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the [TRO]."  *Id.* (citing *Griepentrog*, 945 F.2d at 153).

      UPON CONSIDERATION of the motion filed by Plaintiff Career Agents Network, Inc. for a temporary restraining order and injunction to place the <careeragentsnetwork.biz> and <careeragetnetwork.biz> domain names (the "Defendant Domain Names") on hold, the supporting brief, the supporting declaration and evidence, and the record in this case,

      THE COURT HEREBY FINDS THAT:

1.      Plaintiff will suffer irreparable injury if the court does not require DirectI Internet Solutions Pvt. Ltd., d/b/a PublicDomainRegistry.Com, domain name registrar, to place the infringing Defendant Domain Names on hold and lock and deposit it with the court pending determination of the preliminary injunction request;

2.      Plaintiff has shown, for purposes of this motion, an appropriate level of likelihood to succeed on the merits of its claim for cybersquatting;

3.      The balance of hardships tips in favor of Plaintiff because issuance of the temporary restraining order would place the infringing Defendant Domain Names on hold pending trial and failure to issue the restraining order and injunction could cause Plaintiff to suffer by permanently depriving Plaintiff from using the CAN Mark as a domain name on the Internet.

THEREFORE, IT IS ORDERED that Plaintiff's motion for temporary restraining order and preliminary injunction [Dkt. # 2] is GRANTED IN PART.  Specifically, it is granted with respect to the request for a temporary restraining order and the court will set a hearing on the request for a preliminary injunction.

IT IS THUS ORDERED that, pending a hearing on the preliminary injunction request:

A.      The following domain names shall be immediately placed on hold and lock by DirectI Internet Solutions Pvt. Ltd., d/b/a PublicDomainRegistry.Com, which will deposit the domain names into the registry of the court:

1.      <careeragentsnetwork.biz>

2.      <careeragentnetwork.biz>

B.      A nominal bond of $100 shall be required because the evidence indicates that Defendant Domain Names will only suffer, if at all, minimal damage by the issuance of this temporary restraining order and injunction.

Additionally, IT IS ORDERED that the court will conduct a hearing on the request for a preliminary injunction on **June 26, 2009 at 8:30 a.m**. Defendant Domain Names shall file their opposition briefs, if any, no later than **June 25, 2009 at 12:00 p.m.**

Finally, IT IS ORDERED that Plaintiff shall serve Defendants with copies of the summons, complaint and this order by **June 19, 2009**. In addition, to ensure the registrant of the Defendant Domain Names receives timely notice of the hearing, given that the registrant of the Defendant Domain Names must maintain accurate contact information with the registrar, Plaintiff may, in addition to, *but not in lieu of*, the requirements of service identified in Fed. R. Civ. P. 4 and 5, serve the Motion, this Order, and all other pleadings filed to date on the registrant of the Defendant Domain Names by e-mail transmission.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 17, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 17, 2009, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-12269.CAREERAGENTS.GrantTRO.DomainNames.wpd