**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CAREER AGENTS NETWORK, INC.,

     Plaintiff,

v.                                      Case No. 09-CV-12269

CAREERAGENTSNETWORK.BIZ and
CAREERAGENTNETWORK.BIZ,

     Defendants.

_____/

**PRELIMINARY INJUNCTION ORDER**

On June 12, 2009, Plaintiff Career Agents Network, Inc. filed a motion for a

temporary restraining order and preliminary injunction.  The court granted the motion in

part on June 17, 2009, and issued a temporary restraining order.  The court also

ordered Plaintiff to serve Defendants with the summons, complaint, and other relevant

documents in anticipation of a preliminary injunction hearing, to occur on June 26, 2009.

The court thereafter conducted the preliminary injunction hearing and determined that a

preliminary injunction was appropriate in this case.  Accordingly,     UPON

CONSIDERATION of the motion filed by Plaintiff Career Agents Network, Inc. for a

temporary restraining order and injunction to place the <careeragentsnetwork.biz> and

<careeragetnetwork.biz>  domain names (the "Defendant Domain Names") on hold, the

supporting brief, the supporting declaration and evidence, the record in this case, and

for other good cause shown;

THE COURT HEREBY FINDS THAT:

1.      On June 17, 2009, this court entered an Opinion and Order Granting in Part Plaintiff's Motion for a Temporary Restraining Order, and setting a hearing for this matter on June 26, 2009;

2.      Plaintiff filed a bond of $100 with the Clerk of Court on June 23, 2009;

3.      Defendant domain names were filed anonymously via "PrivacyProtect.org," a Proxy Registration Service that guarantees anonymity and is located outside the United States, with a registrar, DirectI Internet Solutions Pvt. Ltd., d/b/a PublicDomainRegistry.Com, also located outside the United States;

4.      This court has jurisdiction over the two domain names under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d) and Fed. R. Civ. P. 4(k)(2) because the registrant of the domain names cannot be identified and because all identifiable parties are outside the United States;

5.      Plaintiff has, in accordance with Fed. R. Civ. P. 4(f), served the domain name registrar by mailing, via overnight international mail, the Complaint, Summons, and this court's Temporary Restraining Order, to the address in the Netherlands listed on the registrar's website.  Plaintiff has further served the above documents to the domain name registrar by fax and by email according to the means provided on the registrar's website;

6.      Although there is proof that the emails were received, no party has appeared or responded on behalf of the Defendant domain names;

7.      Plaintiff is an established Michigan corporation that does business throughout the United States and has applied for Federal trademark registration of its

trademarks.  Plaintiff will suffer irreparable injury if the court does not require DirectI Internet Solutions Pvt. Ltd., d/b/a PublicDomainRegistry.Com, domain name registrar, to place the infringing Defendant Domain Names on hold and deposit the registrar's certificates with the court pending litigation of this matter.  Moreover, Plaintiff is vulnerable to additional injury if it cannot identify the true registrant of the domain names;

8.      Plaintiff is likely to succeed on the merits of its claim for cybersquatting;

9.      The balance of hardships tips in favor of Plaintiff because issuance of the preliminary injunction would merely place the infringing Defendant Domain Names on hold pending trial and failure to issue the injunction would cause Plaintiff to suffer by permanently depriving Plaintiff from using its trademark as a domain name on the Internet;

THEREFORE, IT IS HEREBY ORDERED THAT, pending a full trial on the merits or other final decision by this court:

A.      The following domain names shall be immediately placed on hold and lock by DirectI Internet Solutions Pvt. Ltd., d/b/a PublicDomainRegistry.Com, which will deposit the registrar's certificates for the domain names into the registry of the court:

1.      <careeragentsnetwork.biz>

2.      <careeragentnetwork.biz>

B.      PrivacyProtect.org, the proxy registrant of the domain names, shall immediately disclose to Plaintiff the true name and address of the domain name registrant.

3

C.      The nominal bond of $100 filed by Plaintiff shall remain with the Clerk of

Court.

It is so ordered.


                                        S/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, June 30, 2009, by electronic and/or ordinary mail.

                                        S/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-12269.CAREERAGENTS.PrelimInjunct.wpd