UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

CAREER AGENTS NETWORK,
INC., a Michigan corporation,

        Plaintiff,

vs.

careeragentsnetwork.biz,
careeragentnetwork.biz, Lawrence R.
White, an individual, and Aeromedia
Marketing, Inc., a Michigan corporation,

        Defendants.

Case No. 2:09-cv-12269

Hon. Robert H. Cleland

_____/

| Jaffe, Raitt, Heuer, and Weiss, P.C. | Clos, Russell & Wirth, P.C. |
|---|---|
| Attorneys for Plaintiff | Attorneys for Defendants |
| Joan H. Lowenstein (P39422) | Charles E. Clos (P43380) |
| Michael S. Khoury (P34413) | William M. Clos (P65113) |
| 201 S. Main Street, Suite 300 | 35551 Ford Road, Suite 100 |
| Ann Arbor, MI 48104 | Westland, MI 48185 |
| (734) 222-4776 | (734) 326-2101 |
| jlowenstein@jaffelaw.com | cclos@lawyersmichigan.com |
| mkhoury@jaffelaw.com | wclos@lawyersmichigan.com |

_____/

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COME careeragentsnetwork.biz, careeragentnetwork.biz (hereinafter "Defendant Domain Names"), Lawrence R. White ("Defendant White"), and AeroMedia Marketing, Inc. ("Defendant AeroMedia"), by their attorneys, Clos, Russell & Wirth, P.C., and for their Answer to First Amended Complaint, state:

### Jurisdiction and Venue

1.     Answering paragraph 1, the allegations are admitted.

2.     Answering paragraph 2, Defendants admit the allegations as to jurisdiction as it relates to

       Defendant Domain Names. The remaining allegations in paragraph 2 are neither admitted nor denied for lack of knowledge and information.

3.    Answering paragraph 3, the allegations are admitted.

4.    Answering paragraph 4, the allegations are admitted.

### Parties

5.    Answering paragraph 5, Defendants admit that Plaintiff is a Michigan corporation but can neither admit nor deny the remaining allegations for lack of knowledge and information.

6.    Answering paragraph 6, Defendants admit that Defendant Domain Names are Internet domain names. The remaining allegations in this paragraph are neither admitted nor denied for lack of knowledge and information.

7.    Answering paragraph 7, the allegations are admitted.

8.    Answering paragraph 8, the allegations are admitted.

### Common Allegations

9.    Answering paragraph 9, Defendants can neither admit nor deny the allegations for lack of knowledge and information.

10.   Answering paragraph 10, Defendants admit that Exhibit A is attached to Plaintiff's Complaint. Answering further, Defendants can neither admit nor deny the remaining allegations for lack of knowledge and information.

11.   Answering paragraph 11, Defendants can neither admit nor deny the allegations for lack of knowledge and information.

12.   Answering paragraph 12, Defendants can neither admit nor deny the allegations for lack of knowledge and information.

13.   Answering paragraph 13, Defendants can neither admit nor deny the allegations for lack of

knowledge and information.

14. Answering paragraph 14, Defendant AeroMedia admits to registering the Domain Names with DirectI and opting for the free Privacy Protect service. The Defendants can neither admit nor deny the remaining allegations for lack of knowledge and information.

15. Answering paragraph 15, Defendants deny the allegations contained therein for the reason that they are untrue as at the times of registering and using the Domain Names, Plaintiff had yet to register its alleged mark. Answering further, at no time when the Domain Names were registered or subsequent thereto did any Defendants attempt to trade on the goodwill of Plaintiff as at all times the Domain Names were used for non-commercial purposes.

16. Answering paragraph 16, Defendants deny the allegations contained therein for the reason that they are untrue as Defendants had no intent, bad faith or otherwise, to profit from use of the Domain Names.

17. Answering paragraph 17, Defendants admit the allegations however, Defendants deny that consent was required from Plaintiff.

18. Answering paragraph 18, Defendants admit that they have not registered the mark or sought intellectual property rights in Defendant Domain Names.

**16.**(sic) Answering paragraph 16 (sic), Defendants admit the allegations. Answering further, Defendants never intended nor did they ever attempt to use the Defendant Domain Names to offer goods or services as their use was at all times non-commercial.

19. To the extent that this allegation is capable of being answered, Defendants did not make any commercial use of Defendant Domain Names, their entire use was bona fide non-commercial, and Defendants' use was lawful and protected under the fair use doctrine.

20. Answering paragraph 20, Defendants deny the allegations contained therein for the reason

that they are untrue.

21. Answering paragraph 21, Defendants admit that AeroMedia was the actual registrant of the Defendant Domain Names. Answering further, it is denied as untrue that Lawrence White was a registrant. The remaining allegations in this paragraph can be neither admitted nor denied for lack of information and knowledge.

## COUNT I
(Cybersquatting)
Under the Lanham Act, 15 U.S.C. §1125(d)

22. No response required.

23. Answering paragraph 23, Defendant AeroMedia Marketing admits that it willfully registered the Domain Names and denies that Lawrence White was a registrant. The remaining allegations in this paragraph are denied as untrue.

24. Answering paragraph 24, Defendant AeroMedia Marketing denies that it possessed bad faith intent in registering the Domain Names and further denies that it intended to profit from same as its use was at all times "non-commercial". Answering further, Defendant White denies as untrue that he was a registrant of the Domain Names.

25. Answering paragraph 25, Defendants can neither admit nor deny the allegations for lack of knowledge and information.

## COUNT II
Trademark Infringement
(under the Lanham Act, 15 U.S.C. §1125(a))

26. No response required.

27. Answering paragraph 27, Defendant White denies that he has "used" Plaintiff's alleged mark in any manner. Answering further, Defendant AeroMedia did not use any confusing or similar marks for purposes of marketing their services or in an effort to cause confusion or

4

mistake as use of the Domain Names was at all times non-commercial.

28. Answering paragraph 28, Defendants AeroMedia and White deny that they have commercially promoted or misrepresented any services they provide or intend to provide or that their use was anything but non-commercial.

29. Answering paragraph 29, Defendants can neither admit nor deny the allegations for lack of knowledge and information.

**WHEREFORE**, Defendants request:

A. Plaintiff's Complaint be dismissed, with prejudice;

B. Defendants be awarded costs and attorney fees wrongfully incurred in having to defend this lawsuit; and

C. Award any other relief deemed just and equitable under the circumstances.

Respectfully Submitted,

**CLOS, RUSSELL & WIRTH, P.C.**


/s/ Charles E. Clos
**Charles E. Clos (P43380)**
**William M. Clos (P65113)**
35551 Ford Road, Suite 100
Westland, MI 48185
(734) 326-2101
cclos@lawyersmichigan.com
wclos@lawyersmichigan.com
Attorneys for Defendants

**Certificate of Service**

The foregoing Answer was electronically filed on July 29, 2009. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Charles E. Clos

**Charles E. Clos (P43380)**
**William M. Clos (P65113)**
35551 Ford Road, Suite 100
Westland, MI 48185
(734) 326-2101
cclos@lawyersmichigan.com
wclos@lawyersmichigan.com
Attorneys for Defendants

## AFFIRMATIVE DEFENSES

NOW COME careeragentsnetwork.biz, careeragentnetwork.biz ("Defendant Domain Names"), Lawrence R. White ("Defendant White"), and AeroMedia Marketing, Inc. ("Defendant AeroMedia"), by their attorneys, Clos, Russell & Wirth, P.C., and for their Affirmative Defenses, state:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. The alleged acts of Defendants were protected by statute.

3. The alleged acts of Defendants are protected by the First Amendment to the United States Constitution.

4. Defendants at no time solicited business or attempted to compete with Plaintiff.

5. Defendants at no time had a bad faith intent as the term is defined under the applicable statute.

6. Defendants use of the alleged "mark" was prior in time to Plaintiff's registration of the mark.

7. Defendants' websites were non-commercial and, as such, the *Lanham Act* does not apply.

8. Defendants' websites were "gripe sites" as such, they are protected by free speech.

9. Defendants' websites as gripe sites, constitute fair use.

10. Defendants' websites as gripe sites, contain no likelihood of confusion with Plaintiff's marks.

11. Plaintiff's marks do not have wide recognition, substantial good will or public recognition as the Plaintiff has only been in business for six (6) months.

12. Plaintiff's mark has not been in long and continuous use and has no international recognition only having been created within the last six (6) months.

13. Under applicable statutes and case law if a gripe site identified by a target's name or trademark is non-commercial and even if there is confusion, free speech rights prevail.

14. Plaintiff's purported mark has not acquired any distinctiveness and secondary meaning.

15. At the time that Defendants created their websites, Plaintiff did not even have a website.

16. Trademark law cannot be used to suppress criticism of a company or product.

17. Gripe sites do not create a likelihood of confusion or dilution.

## Special Affirmative Defense

18. Defendant Lawrence White is not a proper party to this matter as any and all acts as alleged by Plaintiff were performed by the corporate defendant, AeroMedia Marketing, Inc.

19.     Defendants reserve the right to add to these Affirmative Defenses as they become known throughout discovery.

                Respectfully Submitted,

                **CLOS, RUSSELL & WIRTH, P.C.**

                /s/ Charles E. Clos
                **Charles E. Clos (P43380)**
                **William M. Clos (P65113)**
                35551 Ford Road, Suite 100
                Westland, MI 48185
                (734) 326-2101
                cclos@lawyersmichigan.com
                wclos@lawyersmichigan.com

                Attorneys for Defendants

### **Certificate of Service**

The foregoing Affirmative Defenses were electronically filed on July 29, 2009. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                /s/ Charles E. Clos
                **Charles E. Clos (P43380)**
                **William M. Clos (P65113)**
                35551 Ford Road, Suite 100
                Westland, MI 48185
                (734) 326-2101
                cclos@lawyersmichigan.com
                wclos@lawyersmichigan.com
                Attorneys for Defendants