UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

CAREER AGENTS NETWORK,
INC., a Michigan corporation,

        Plaintiff,

vs.

careeragentsnetwork.biz,
careeragentnetwork.biz, Lawrence R. White,
an individual, and Aeromedia Marketing,
Inc., a Michigan corporation,

        Defendants.

Case No. 2:09-cv-12269

Hon. Robert H. Cleland

---

Jaffe, Raitt, Heuer, and Weiss, P.C.
Attorneys for Plaintiff
Joan H. Lowenstein (P39422)
Michael S. Khoury (P34413)
201 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 222-4776
jlowenstein@jaffelaw.com
mkhoury@jaffelaw.com

Clos, Russell & Wirth, P.C.
Attorneys for Defendants
Charles E. Clos (P43380)
William M. Clos (P65113)
35551 Ford Road, Suite 100
Westland, MI 48185
(734) 326-2101
cclos@lawyersmichigan.com
wclos@lawyersmichigan.com

---

### PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff, Career Agents Network replies to Defendants' Response to the Motion for Summary Judgment and submits the accompanying brief.

                              Respectfully submitted,

DATED: February 18, 2010          JAFFE, RAITT, HEUER, & WEISS, P.C.

                              By: /s/ Joan H. Lowenstein
                                  Joan H. Lowenstein (P39422)
                                  201 S. Main St., Suite 300
                                  Ann Arbor, MI 48104
                                  (734) 222-4776
                                  jlowenstein@jaffelaw.com

                                Attorneys for Career Agents Network, Inc.

Table of Contents

|   |   | Page |
|---|---|---|
| **Issues Presented** | .................................. | ii |
| **Table of Authorities** | .................................. | iii |
| I. Plaintiff Owns a Valid Trademark Entitled To Protection | .................................. | 1 |
| II. Defendants' Bad Faith is Clear | .................................. | 2 |
| III. Plaintiff's Infringement Claims are Legitimate Because Defendants' Domain Names Are Not | .................................. | 3 |
| Conclusion | .................................. | 5 |
| **Certificate of Service** | .................................. | 6 |

## Issues Presented

1.  Should the Court deny Defendants' Motion for Summary Judgment because Defandants' have no First Amendment right to infringe Plaintiff's trademark?

    Plaintiff answers "Yes"

2.  Should the Court grant Plaintiff's Cross-motion for Summary Judgment because Plaintiff has shown that Defendants engaged in cybersquatting and infringed Plaintiff's trademark by registering domain names identical to Plaintiff's mark, all in bad faith?

    Plaintiff answers "Yes"

## Table of Controlling Authorities

**Cases**                                                   **Page**

*Balance Dynamics Corp. v. Schmitt Industries, Inc.*,
    204 F. 3d 683 (6th Cir. 2000) ........................... 2

*Ford Motor Company v. 2600 Enterprises*,
    177 F. Supp. 661 (E.D. Mich. 2001) ...................... 4

*Jews for Jesus v. Brodsky*, 993 F. Supp. 282 (D.N.J. 1998) .............. 4

*Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*,
    43 F.3d 922, 934 (4th Cir. 1995) ........................ 1

## REPLY

Defendant, Lawrence R. White (White) registered the two Defendant Domain Names that incorporate Plaintiff's trademark – Career Agents Network. He continues to argue that he was simply a critic of Plaintiff, entitled to First Amendment protection. However, White's position as a competitor of Plaintiff's – both White and Plaintiff are engaged in the business of employment recruiting – negates his claim and casts doubt on his motives.

### I.    Plaintiff Owns a Valid Trademark Entitled to Protection

Defendants do not deny that Defendant White registered domain names that incorporated Plaintiff's trademark. Their defense to Plaintiff's claim under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), is that Plaintiff's trademark is not distinctive. Although the trademark "Career Agents Network" has not yet received registration status, it is proceeding through the U.S. Patent and Trademark Office and has not been refused registration. Both parties have submitted documentation from the USPTO to show that the application is progressing. It is for certain that the USPTO has not rejected the mark as descriptive, and therefore Defendants' claim that the mark is descriptive is merely their opinion. *See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 934 (4th Cir. 1995) ("Given [the difficulty] in determining whether a mark is descriptive or suggestive, courts have often given due regard to the determination of the Patent and Trademark Office, which necessarily decides whether a mark is descriptive or suggestive in its decision whether to register the mark.").

Moreover, Defendant White did not accidentally use the trademark "Career Agents Network" as a domain name because he was trying to find a name under which to market his services. He deliberately used it, knowing that it was used by a competing company that had angered him and that he wanted to damage. Defendants cannot, on the

1

one hand say that their "gripe site" was meant to warn consumers about the one and only Career Agents Network and then on the other hand say that Career Agents Network is so descriptive that no one knows what it refers to. There was no reason for Defendants to choose "Career Agents Network" for their domain names other than the fact that it is distinctive, unique, and represents only one company, CAN.

## II.   Defendants' Bad Faith is Clear

Defendants seem to think that Plaintiff must show that Defendants were actually successful in diverting customers and damaging Plaintiff's business in order to succeed on an ACPA claim. Plaintiff's quick actions to unmask the Defendants and stop the infringing acts should not be held against it. *See Balance Dynamics Corp. v. Schmitt Industries, Inc.*, 204 F. 3d 683, 692 (6th Cir. 2000) ("damage control expenses should be recoverable upon a showing of the likelihood of actual confusion, rather than upon a showing of actual confusion itself. This rule recognizes that it is unreasonable to expect a businessperson faced with a Lanham Act violation to sit idly by until a customer manifests actual confusion.").

The important fact is that Defendants' actions were a bad faith attempt to divert customers from CAN. Defendants can try to deny that their registration of domain names under "PrivacyProtect.org" instead of their real names was legitimate, but the truth is that it prevented Plaintiff from acting even more quickly to put an end to the trademark infringement. In a footnote on page 7 of their Response Brief, Defendants try to equate Plaintiff's use of a web administrator, Accunet, Inc., with Defendants' deliberate deceit. This is specious. As Ms. Byndas states in Defendants' Exhibit H, CAN uses a web administrator as a matter of convenience and cost efficiency. The Michigan telephone

2

numbers and addresses listed with CAN's domain name registrations are legitimate and can easily lead to contact with CAN. To the contrary, CAN had to seek injunctive relief with this Court in order to reveal the true party that registered the Defendant Domain Names.

The pseudonymous registration of the domain names was but one act of bad faith on the part of the Defendants. In addition to providing misleading contact information, Defendants also peppered the Internet with fake blogs to "optimize" consumer confusion. Defendants registered more than one domain name and had no history of any legitimate use of the trademark "Career Agents Network." The motive for Defendants to cause consumer confusion, to divert CAN customers away from CAN's legitimate website, and to harm the goodwill represented by the CAN trademark was to bolster Defendant White as a competing recruiter so that he could entice recruiting agents to join his "team."

Defendants attempt to use the deposition of Charlotte Byndas, Plaintiff's COO, to dissuade the Court from believing that Larry White is a competing recruiter. *See* Defendants' Response Brief, p. 5, and Exhibit H. Ms. Byndas was asked whether CAN had any competitors and she explained that no other recruiting companies competed in quite the same way because CAN is not a franchise operation. This does not establish that Defendant White is not a competitor. To the contrary, White admits that he is in the recruiting profession. The Defendants' actions fit squarely within the definitions of bad faith contained in the ACPA.

### III. Plaintiff's Infringement Claim is Legitimate Because Defendants' Domain Names Are Not

Defendants assert that they have made no commercial use of Plaintiff's trademark – that they only used the exact trademark in their domain names to "indicate the subject

3

matter discussed on that particular website." However, the cases they cite in support of that untruthful assertion are not applicable to this litigation. The *Bosley* case, *Bosley Medical v. Kremer*, 403 F.3d 672 (9th Cir. 2005), involved as dissatisfied consumer, not a competitor. The *Mattel* case, *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894 (9th Cir. 2002), is about a rock band that made a fair use of the "Barbie" trademark. The parties in the *Lang* case, *Lang v. Retirement Living Publishing Co., Inc.*, 949 F.2d 576 (2d Cir. 1991), were a magazine publisher and a book publisher, both of whom had legitimate claims to the disputed trademark.

In this case, there is one party who has developed, marketed, and used the trademark "Career Agents Network" for its recruiting business, and another party, a competing recruiter, who has no legitimate basis for using the trademark "Career Agents Network" and who deliberately set out to confuse potential consumers. Plaintiff cited the *Jews for Jesus v. Brodsky* case, 993 F. Supp. 282 (D.N.J. 1998), where the court did not accept a First Amendment defense because it said the act of deliberately harming the plaintiff by making a bogus use of its trademark in a domain name and website was actionable trademark infringement. *Id.* at 308-9. Although Defendants here claim that this Court rejected that argument in *Ford Motor Company v. 2600 Enterprises*, 177 F. Supp. 661 (E.D. Mich. 2001), their reading of the case is incorrect. In the *2600* case, this Court specifically noted that, "Defendants' use of the FORD mark in their programming code, **unlike the unauthorized use of a trademark as a domain name**, does not inhibit Internet users from reaching the websites that are most likely to be associated with the mark holder." *Id.* at 665 (emphasis added). In contrast to that case, here the Defendants used CAN's mark in the unlawful Defendant Domain Names.

4

Defendants have similarly misinterpreted the holdings of other cases they cite. In *Bird v. Parsons,* 289 F.3d 865 (6th Cir. 2002), for example, which Defendants cite for the proposition that there must be confusion between the parties' goods or services, the Sixth Circuit upheld a dismissal of actions against registrars who took no action other than registering the domain name as third parties. *Id.* at 879. In *Taubman v. Webfeats,* 319 F.3d 770 (6th Cir. 2003), the court pointed to a website disclaimer as evidence that any confusion would be mitigated. *Id.* at 776-77. These cases are not even close to the situation here, where a competing recruiter set out to deceive consumers.

## CONCLUSION

Defendants have not refuted Plaintiff's cybersquatting and trademark infringement claims, and therefore Plaintiff requests that the Court deny Defendants' Motion for Summary Judgment and grant Plaintiff's Cross-Motion for Summary Judgment, and award Plaintiff injunctive relief, damages, costs, and attorney fees.

Respectfully submitted,

DATED: February 18, 2010

JAFFE, RAITT, HEUER, & WEISS, P.C.

By: /s/ Joan H. Lowenstein
Joan H. Lowenstein (P39422)
201 S. Main St., Suite 300
Ann Arbor, MI 48104
(734) 222-4776
jlowenstein@jaffelaw.com

Attorneys for
CAREER AGENTS NETWORK, INC.

5

## Certificate of Service

I certify that on February 18, 2010, I filed the foregoing REPLY BRIEF with the Clerk of the court via the ECF system, providing notice to all counsel of record.

/s/ Joan H. Lowenstein
Joan H. Lowenstein (P39422)